(No.3189— )

SCHOOL DIRECTORS OF DISTRICT No. 66, COUNTY OF SALINE AND STATE OF ILLINOIS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1939.*

LYNNDON M. HANCOCK, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

Claimant seeks to recover the sum of $1,129.42 which it claims is due and owing to it under the terms and provisions

of an Act of the General Assembly of the State of Illinois entitled "An Act to Enable School Directors and Boards of Education to Establish and Maintain Classes and Schools for Crippled Children, and Providing for Payment from State Treasury of the Excess Cost of Maintaining and Operating Such Classes and Schools Over the Cost of Maintaining and Operating Schools for Normal Children," approved June 19th, 1923, as amended. (Illinois Revised Statutes, 1937, Bar Association Edition, Chapter 122, Section 685A et sec.)

Such statute provides, among other things, that the aggregate excess cost of the maintenance of schools for crippled children, as determined, computed and reported by the board of education shall be a charge against the State of Illinois, and that such excess cost shall be paid annually to such board of education on the warrant of the Auditor of Public Accounts out of any money in the treasury appropriated for such purpose, provided that such excess cost shall not exceed $300.00 for each crippled child.

In addition to its school for normal children, claimant maintained a school for crippled children during the school year July 1, 1936 to June 30, 1937, and its claim in this behalf is for the excess cost of maintaining such school for crippled children for such school year.

On or about June 5th, 1937 claimant made a report to the Department of Public Welfare of the respondent, on blanks furnished by such department, giving detailed information concerning the cost of maintaining the school for normal children and the school for crippled children, and the amount of its claim in connection therewith. The Department of Public Welfare, through its authorized representatives, objected to the report as presented, and wrote to claimant with reference thereto. Subsequent thereto there was further correspondence regarding the claim, several conferences between the interested parties, as well as several audits of the books and records of the claimant.

The record discloses that there were numerous errors in the bill of particulars attached to the original complaint herein, as well as in the several preliminary audits made at the suggestion of the welfare department of the respondent. Pending a determination of the correct amount due claimant, the respondent paid to said claimant the sum of $1,156.43 to apply on account. A final audit was made by Weldon Neun-

reiter, traveling auditor of respondent, under date of May 5th, 1939, from which the following facts appear:—

1. That the total cost of maintenance of claimant's school for normal children for the aforementioned school year was $6,992.99; that the average monthly enrollment of normal children was 201; that the average cost per normal child for said school year was $34.79.

2. That the total cost of maintenance of claimant's school for crippled children for said school year was $2,887.72; that the average monthly enrollment of crippled children was 17.3; that the average cost per crippled child for said school year was $166.92.

Deducting the average cost per normal child from the average cost per crippled child leaves an excess cost of $132.13 per crippled child. Upon that basis the total excess cost for the maintenance of the school for crippled children for the said school year was $2,285.85.

Deducting the sum of $1,156.43 heretofore paid by respondent, leaves a balance of $1,129.42, which amount is due to claimant under the provisions of the aforementioned Act.

The appropriation made by the 59th General Assembly for State aid to cover the excess cost of education for crippled children in the public schools lapsed September 30th, 1937. At that time there was an unexpended balance in such appropriation of $20,070.71, being greatly in excess of the amount of this claim.

Award is therefore entered in favor of the claimant for the sum of Eleven Hundred Twenty-nine Dollars and Forty-two Cents ($1,129.42).